IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REGINALD EUGENE HALL, § | |
| #592804, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:19-CV-2820-B-BK |
| § | |
| PAMELA THIELKE, ET AL., § | |
| DEFENDANTS. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition. Before the Court are Plaintiff Reginal Eugene Hall's Complaint and Application to Proceed In Forma Pauperis filed on November 25, 2019. Doc. 3; Doc. 4. As detailed here, this action should be summarily **DISMISSED WITHOUT PREJUDICE**.

Hall, a state inmate, certifies placing both pleadings in the prison mailbox on September 19, 2019. Doc. 3 at 10, 14; Doc. 4 at 2. However, the Court did not receive them until November 25, 2019. In the interim, Hall mailed a second copy of his complaint on October 25, 2019, which was filed and subsequently dismissed with prejudice as barred under the doctrine of *Heck v. Humphrey*.[1] *See Hall v. Thielke*, No. 3:19-CV-2664-E-BN (N.D. Tex. Dec. 2, 2019) (*see* Civ. Doc. 3 at 10; Civ. Doc. 8).

---

[1] Barring a suit for damages based on an allegedly unconstitutional state conviction unless one of the enumerated exceptions applies. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

Because this case is duplicative of that filed in cause number No. 3:19-CV-2664-E-BN, this case should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on December 19, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).